UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISTRICT COUNCIL OF NEW
YORK CITY AND VICINITY OF
THE UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF
AMERICA,

               Petitioner,

– *against* –

TRIANGLE ENTERPRISE NYC, INC.,

               Respondent.

**OPINION & ORDER**

24-cv-06498 (ER)

RAMOS, D.J.:

       District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council" or "Petitioner") brings this petition to confirm and enforce an arbitration award. To date, Triangle Enterprise NYC, Inc. ("Triangle") has failed to file a response or otherwise take any action since the filing of the instant petition. Doc. 10 at 1. Before the Court is District Council's unopposed motion for summary judgment to confirm the arbitrator's Award. For the reasons set forth below, Petitioner's motion is GRANTED.

**I.    BACKGROUND**

       District Council is a labor organization within the meaning of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §152(5), and Triangle is an employer within the meaning of the LMRA, 29 U.S.C. §152(2). Doc. 1 at 1. At all relevant times, Triangle was bound to the New York City School Construction Authority Project Labor Agreement ("PLA") for work performed at P.S. 241X located at 1595 Bathgate Avenue, Bronx, New York.[1] Doc. 13 at 6; Doc. 12 ("Sigelakis Decl.") ¶ 6; Sigelakis Decl. Exhibit

---

[1] The PLA identifies the school as "IS 241X," however the Award refers to the school as "P.S. 241," and the briefings for the instant motion refer to it as "P.S. 241X." For purposes of this opinion, the Court refers to the school as "P.S. 241X."

("Ex.") A. The PLA provides for final and binding arbitration of disputes that arise between the parties, names Richard Adelman (the "Arbitrator") as an arbitrator to hear disputes, and provides that the fees and expenses of such arbitrations shall be borne equally by the employer and the union. Sigelakis Decl. ¶ 7.

A dispute arose between the parties regarding Triangle's alleged violations of the PLA when Triangle performed unit work by installing a sidewalk shed at P.S. 241X. Sigelakis Decl. Ex. C at 4–5. Specifically, Triangle allegedly violated the PLA by: (1) failing to notify the District Council of the start of the job at P.S. 241X; and (2) performing covered work at P.S. 241X for seven days without a shop steward. Doc. 13 at 7. With due notice to all parties, the Arbitrator held a hearing on May 15, 2024 at which the District Council appeared, but Triangle failed to do so. *Id.* Based on the evidence presented and the arguments made by the District Council, the Arbitrator determined that Triangle had violated the PLA by failing to notify District Council of the start of the job at P.S. 241, and by failing to hire a shop steward for three days during the week ending June 15, 2023, and for four days during the week ending July 2, 2023. Sigelakis Decl. Ex. C at 4–5.

On May 28, 2024, the Arbitrator entered an award against Triangle (the "Award"), directing Triangle to pay a sum of $3,082.80 (the equivalent of fifty six hours of carpenter wages at the rate of $55.05 per hour) to the District Council, and to contribute $2,694.16 (fifty six hours of contributions to the New York City District Council of Carpenters Benefit Funds ("Funds") at the rate of $48.11 per hour) to the Funds. Doc. 13 at 7; Sigelakis Decl. Ex. C at 5–6. Pursuant to the terms of the PLA, the parties also agreed to split the cost of the Arbitrator's fee, with each party paying $850 to the Arbitrator to cover the $1,700.00 arbitration fee. Doc. 13 at 7.

On June 6, 2024, District Council sent Triangle a letter demanding payment in full of the damages awarded and their share of the arbitrator fee and advised that if payment was not received by June 14, 2024, the District Council would move to confirm

the Award in court and seek interest on all amounts due as well as attorney fees and costs associated with the action. *Id.* at 7–8; Sigelakis Decl. Ex. D at 3. Triangle failed to pay the amount due, and on August 28, 2024, District Council filed their petition with the Court for confirmation of the Award. Doc. 1 at 3. District Council properly served Triangle with legal process, but Triangle has failed to answer the petition or otherwise move or appear in this proceeding. Doc. 10 at 1. A certificate of default was entered against Triangle on October 4, 2024. *Id.* On October 15, 2024, District Council moved for summary judgment. Doc. 11. On October 16, 2024, the Court issued an order stating that if Triangle didn't respond by November 6, 2024, the Court would deem the summary judgment motion unopposed. Doc. 15. Triangle did not file a response.

## II.   LEGAL STANDARD

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even

3

if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees International Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc.*, 462 F.3d at 110; *see also Trustees for the Mason Tenders District Council Welfare Fund v. Earth Construction Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record" (citation omitted)). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir.

1998).  The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.  DISCUSSION

#### A.  Confirmation of the Arbitration Award

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing Award.  The Arbitrator was acting within the scope of his authority, as granted to him by the PLA.  Sigelakis Decl. ¶ 7.  The Arbitrator properly found that Triangle was in violation of the PLA for (1) failure to notify the District Council of the start of the job at P.S. 241X and (2) performing covered work at P.S. 241X for seven days without a shop steward.  Doc. 13 at 7.  There is no indication that the Arbitrator's decision was capricious or exceeded the Arbitrator's jurisdiction under the PLA, or was contrary to law.  Thus, where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."  *Trustees of New York City District Council of Carpenters Pension Fund v. Dejil Systems, Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).  Nor is there any evidence that the Award was procured by fraud, that the Arbitrator was biased, that he was guilty of any misconduct, or that he exceeded his powers.  *See* 9 U.S.C. §§ 10(a)(1)–(4) (enumerating grounds for vacating arbitral award).  The Court finds that based on the record provided, together with the appropriate narrow level of review, there is at least "a barely colorable justification for the outcome reached."  *Landy*, 954 F.2d at 797.  Accordingly, the Court confirms the Award.

Furthermore, the Arbitrator's fee may be properly awarded in the judgment to confirm the Award if (1) the Arbitrator directed both parties to split the fee pursuant to the PLA; (2) the Arbitrator specified the amount to be paid by each party in the Award;

5

(3) the employer failed to pay its share; and (4) the petition to confirm the Award requested payment of the employer's unpaid share of the Arbitrator's fee. *See New York City District Council of Carpenters v. Allied Design & Construction, LLC*, 335 F. Supp. 3d 349, 352 (E.D.N.Y. 2018). All four elements are met here. The PLA stipulates that the fees and expenses of such arbitrations, here $1,700, shall be borne equally by the District Council and Triangle. Sigelakis Decl. ¶13. Triangle has failed to pay the Arbitrator's fee as of October 15, 2024.

### B. Attorneys' Fees and Costs

The Court also finds that the award of attorneys' fees in connection with this motion is appropriate. "[C]ourts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of New York City District Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)). Triangle did not abide by the Award and has failed to participate in this action. Doc. 13 at 8.

To support their request for attorney's fees, Petitioners must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *1199/SEIU United Health Care Workers East v. South Bronx Mental Health Council Inc.*, No. 13 Civ. 2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (internal quotations omitted) (quoting *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). District Council was represented by Spivak Lipton LLP, who has submitted copies of their contemporaneous billing records. Sigelakis Decl. Ex. E. District Council was billed at a rate of $300 per hour for 8.3 hours and now seeks $2,490.00 in fees. Sigelakis Decl. Ex. E at 2. The Court has found this rate reasonable in the past. *See*

*District Council of New York City v. South Island Installers, Inc.*, No. 23 Civ. 05014 (ER), 2024 WL 3936404, at *4 (S.D.N.Y. Aug. 26, 2024) (awarding $300 hourly rate for Sigelakis). This rate is "identical to the rate typically submitted for such services[,]" and "[s]everal courts have previously approved a rate of $300 per hour for work performed by Ms. Sigelakis on petitions for confirmation of arbitration awards." *District Council of New York City v. Prime Contractors, Inc.*, No. 22 Civ. 7085 (KPF), 2023 WL 3849101, at *5 (S.D.N.Y. June 6, 2023) (collecting cases); *see also Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 205) (collecting cases) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases.").

The 8.3 hours billed on this action are reasonable as well. *See* Sigelakis Decl. Ex. E at 2; *see also New York City & Vicinity District Council of Carpenters v. Plaza Construction Group, Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (concluding that the 9.2 hours expended in an arbitration confirmation for summary judgment was reasonable).

The Court will also grant the $822.50 in legal costs requested by the District Council, including: (1) $405 in filing fee; and (2) $417.50 in personal service fees. Sigelakis Decl. Ex. F; *see Unite Here Retirement Fund v. P.D. 33 Street Corp.*, No. 19 Civ. 3855 (JGK), 2020 WL 6585850, at *5 (S.D.N.Y. Nov. 10, 2020) (finding $400 in filing fees and $987 in processing fees reasonable).

The Court therefore grants District Council's request for attorney's fees and expenses.

### C. Additional Interest

The Court also finds that additional interest on the Award is appropriate. New York law provides for prejudgment interest running from the date of the arbitration award until the entry of final judgment. *Finger Lakes Bottling Co., Inc. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292–93 (S.D.N.Y. 2010) (applying a nine percent interest rate based

on CPLR § 5004); *see also Service Employees International Union, Local 32BJ, AFL-CIO v. Stone Park Associates, LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (finding that the "common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law.") (internal quotations omitted).

### IV.     CONCLUSION

For the foregoing reasons, the petition to confirm the Award is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of District Council in the amount of $10,789.46, consisting of: (1) $6,626.96 as set forth in the Award, with prejudgment interest; (2) $850 in Arbitrator's fee; (3) $2,490 in attorney fees; and (4) $822.50 in costs.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 11, enter judgment, and close the case.

It is SO ORDERED.

Dated:   June 9, 2025
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.